IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:21-CR-737 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| JA'LON ISSAC KIRKLAND, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Ja'Lon Issac Kirkland's ("Defendant" or "Kirkland") Motion to Order the Bureau of Prisons ("BOP") to Calculate and Apply First Step Act Time Credits Earned filed on December 22, 2025 ("Defendant's Motion").  (Doc. No. 27.)  On January 5, 2026, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response").  Although given the opportunity to do so, Kirkland did not file a Reply in support of Defendant's Motion.

In Defendant's Motion, Kirkland represents that he is housed at FCI Victorville medium 1, in Adelanto, CA and has completed certain programs while there; that a BOP case manager informed him that FSA Credits are not being applied to his sentence computation because his risk of recidivism level is "high," and the credits can only be applied when his risk level becomes "low".  Kirkland also asserts that he has been instructed by the BOP that while he is incarcerated, he cannot reach "low"

risk level recidivism and therefore, he is constructively and permanently being disqualified from having his credits applied "under the BOP's current approach." (Doc. No. 27, PageID # 193.)[1]

Kirkland asserts that "[t]he First Step Act and its implementing guidance create a statutory framework for prisoners to earn time credits for completing evidenced based recidivism reduction programming and productive activities.  Those credits, when earned, are to be applied in ways that can lead to pre-release custody (home confinement/community confinement) or other sentence reductions as set out in the statu[t]e and implementing regulations." (Doc. No. 27, PageID # 193.) According to Kirkland, he "has completed multiple qualifying programs and activities but the BOP has failed to properly calculate or is misapplying its procedures and requirements (including any risk-level restriction) so that earned credits are not being applied." (*Id.*)

Kirkland requests that this Court enter an order directing the BOP to provide certain information within 30 days "[b]ecause earned FSA credits affect [his] custody status and potential transfer to pre-release custody…." (Doc. No. 27, PageID # 194.) And, directing this Court's attention

---

[1] Kirkland attaches to Defendant's Motion, several documents marked as Exhibits A-L. Exhibit "A" is an FSA Recidivism Risk Assessment for Kirkland dated 4/12/2025 that indicates he is a "Security Level Inmate:  HIGH" and details a Value of 12 for Programs Completed. (Doc. No. 27-1.)  Exhibit "B" is Kirkland's Inmate Education Data Transcript which indicates that Kirland earned his GED and Exhibit "K" is a copy of Kirkland's High School Equivalency Credential. (Doc. Nos. 27-2 and 27-6.)  Exhibit "C" and "D" are the same FSA Time Credit Assessment dated 7-25-2025 which each indicate that Kirkland accrued 477 Program Days between 2-28-2924 and 6-19-2025 and has 160 time credits.  (Doc. No. 27-3.)  Exhibit "E" is an "inmate History Psych Treatment printout that includes assignment descriptions.  (Doc. No. 27-4.)  Another Exhibit marked as Exhibit "F" but attached as Doc. No. 27-4 is an Inmate History PT Other printout.  Exhibit "G" is an Individualized Needs Plan – Program Review containing data as of 10-08-2025 for Kirkland that describes courses completed.  (Doc. No. 27-5.)  Exhibit "H" is a Certificate of Achievement from Purdue University issued to Kirkland for completion of "Introduction to Urban and Industrial IPM on October 2, 2024.  (Doc. No. 27-6.)  Exhibit "I" is a Certificate of Completion presented to Kirkland on April 9, 2025, for completion of "Non-Residential Drug Abuse Program Court at FCI 1 Victorville, CA".  (Doc. No. 27-6.)  Exhibit "J" consists of two certificates of completion issued to Kirkland for courses titled "Traumatic Stress & Resilience" and "Drug Abuse Education Course."  (Doc. No. 27-6.)  Exhibit "L" is a copy of the Request for Administrative Remedy Informal Resolution completed by Kirkland and dated 11/04/2025 that includes a response dated 11/4/25 signed by acting UM J. Jones that reads as follows: "Although you are accruing Federal Time Credits you are ineligible to apply them because of your high risk recidivism level."  (Doc. No. 27-7.)   Exhibit "L" contains the following note at the very bottom of the page that reads as follows: "Distribution: If complaint is **NOT** informally resolved – Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk."  (*Id.*)

2

to his Exhibit "L', Kirkland maintains that "he has attempted to resolve this matter administratively with the BOP but has received no reply." (*Id.*)

In the Government's Response, the Government contends that this Court does not have jurisdiction over Kirkland's grievances associated with not receiving FSA credits because Kirkland has not exhausted his administrative remedies. The Government correctly cites and quotes in part from 28 C.F.R. § 542.10(a) for its argument that "[a] federal prisoner must use the BOP's multi-tiered administrative remedy program to 'seek formal review of an issue relating to any aspect of [his] confinement.' [Citation omitted.]" (Doc. No. 28, PageID # 223.) Having reviewed 28 C.F.R. §§ 542.13(a), 542.14 and 542.15, cited by the Government, the Court finds that Defendant's Motion must be denied because Kirkland has not exhausted his administrative remedies. *United States v. Wilson*, 503 U.S. 329 (1992).

Kirkland has demonstrated that he attempted to informally resolve his complaint with the staff by completing Form BP-8, but his attempt was unsuccessful. (Doc. No. 27-7.) However, Kirkland has not demonstrated that he then submitted a written complaint to his warden on Form BP-9 as required by 28 C.F.R. § 542.14. Indeed, if he had submitted a written complaint to his warden and was dissatisfied with the warden's response, he would have been required to appeal to his regional director on Form BP-10; and if he had appealed the warden's response to the regional director and was dissatisfied with the regional director's response Kirkland would have been required to appeal to the "Central Office" using Form BP-11. (28 C.F.R. § 542.15,) Kirkland has only complied with the first step of the administrative process and therefore, Defendant's Motion is DENIED without prejudice to re-filing upon Kirkland completely exhausting his administrative remedies.

**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | _s/Pamela A. Barker_ |
|  | PAMELA A. BARKER |
| Date:  January 21, 2026 | U. S. DISTRICT JUDGE |